Melvin WILLIAMS, Plaintiff–Appellant,

v.

Jack BOLES, et al.,
Defendants–Appellees.

No. 87–1490.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 8, 1988.

Decided March 2, 1988.

---

## 182

Douglas F. Fuson, Sidley & Austin, Chicago, Ill., for plaintiff-appellant.

Karen S. Rosenwinkel, Civil Appeal, Atty. Gen. Office, Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Melvin Williams, an inmate of Stateville prison in Illinois, contends that he was beaten without cause by a guard wielding a pipe and was sprayed with Mace by other guards on another occasion, also without cause. On each occasion guards restrained him, causing further injury. The jury in this action under 42 U.S.C. § 1983 either found or assumed that the guards restrained, beat and sprayed him without justification but spontaneously returned this special verdict:

> We, the jurors, find for the defendant [sic] in as much as the evidence does not prove the plaintiff was severely injured.

Williams contends on appeal that "severe injury" is not an element of the constitutional tort. Much as we are inclined to agree, we are not authorized to disturb the judgment; Williams himself proposed an instruction informing the jury that "severe injury" is an essential element.

We shall assume that Williams proved that he was attacked without provocation and injured, though not severely. An administrative tribunal within the prison found Williams's version of the events to be true. He received medical care after the battery with the pipe, which caused headaches for weeks and left a scar. The Mace caused burning of the skin and eyes for 10 hours, and the associated restraint has limited the mobility of Williams's fingers.

■ Williams challenges the instructions to the jury in three respects. Two of these —that one defendant was omitted from the charge to the jury on one count of the complaint, and that the instructions do not properly set out the elements of civil conspiracy—do not require extended discussion. The conspiracy instruction, although skimpy, covered the elements; given the jury's special verdict, this instruction plainly was not the cause of Williams's defeat. So too with the omission of one defendant. Williams's counsel did not call the court's attention to this inadvertent omission during the instruction conference. At all events, the defendants prevailed because of the failure to prove "severe" injury; adding another defendant to the lists on Count I would not have availed Williams.

The instruction concerning severe injury was based on *Gumz v. Morrissette*, 772 F.2d 1395, 1400 (7th Cir.1985), which held

that a claim of excessive force during an arrest should be evaluated as a matter of "substantive due process" and, to provide "guidance in making this delicate determination" offered district courts a formula containing three factors, one of which was whether the force employed "caused severe injuries." The jury instruction was lifted almost verbatim from *Gumz.*

Our court did not attempt in *Gumz* to reconcile the "severe injury" requirement with cases such as *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which holds that the Due Process Clause provides a remedy even for small injuries (in *Parratt,* the disappearance of a prisoner's "hobby kit" worth $8). The negligence test of *Parratt* was overruled by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), in favor of treating a due process claim as an intentional tort, but the Court has never questioned the principle that the Due Process Clause applies to small deprivations as well as great ones. Many things—beating with a rubber truncheon, water torture, electric shock, incessant noise, reruns of "Space 1999"—may cause agony as they occur yet leave no enduring injury. The state is not free to inflict such pains without cause just so long as it is careful to leave no marks. Cf. *Lewis v. Lane,* 816 F.2d 1165, 1171 (7th Cir.1987). The injury must be more than trifling—an allegation that a guard curled his lip at Williams without notice and an opportunity for a hearing would not state a claim, see *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982) (*de minimis non curat lex* applies to constitutional torts as well as common law torts)—but Williams's injuries exceed that threshold.

A concurring opinion in *Gumz* contended that the majority's approach was mistaken, and that the fourth amendment's standards should govern application of force at the time of arrest. On this approach, the reasonableness of the conduct rather than the severity of the injury (and the state of the officers' mind) would control. 772 F.2d at 1404–08. The concurrence maintained that courts should apply the specific clauses of the Bill of Rights to the situations they cover—for an arrest, the fourth amendment—rather than new approaches of the courts' devising. Five months ago, after the trial of this case had been completed, we overruled *Gumz* and adopted the approach of the concurring opinion for cases dealing with arrests. *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir.1987).

If this were a fourth amendment case, Williams would not need to prove severe injury. A person arrested without probable cause and detained for 20 minutes is entitled to some relief, whether or not the violation of the Constitution leaves a lingering injury. A person beaten with a pipe until bloody deserves no worse. Yet it is hard to treat this as a fourth amendment case. Williams was not being arrested. He is a prisoner; the judgment convicting him of crime extinguished, for the duration of his sentence, his interest in privacy and personal mobility. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Since Williams is a prisoner, the applicable provision is the Cruel and Unusual Punishments Clause of the eighth amendment. *Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), sets out the requirements of this provision for cases in which jailers shoot prisoners; the *Whitley* approach must apply to beating prisoners as well. *Whitley* does not contain a requirement of "severe injury". We held in *Meriwether v. Faulkner,* 821 F.2d 408, 415 n. 8 (7th Cir.1987), that for prisoners' complaints "the Eighth Amendment's prohibition against cruel and unusual punishment and any substantive rights ... under the Due Process Clause are coextensive." So *Gumz* does not apply to battery of prisoners; *Whitley* supplies the standards. (Because during the period between arrest and conviction a suspect may not be "punished" at all, *Bell v. Wolfish,* 441 U.S. 520, 535–40, 99 S.Ct. 1861, 1871–74, 60 L.Ed.2d 447 (1979), it follows that "severe injury" is not an element of the constitutional tort during this period either.)

*Meriwether,* like *Lester,* was decided after the trial in this case. *Whitley,* however, was decided 6½ months before the trial. The parties overlooked it. Everyone

assumed that *Gumz* supplied the standard. Williams, although represented at trial by counsel, did not ask for an instruction omitting the "severe injury" requirement or object to the instruction the court gave. And although the disagreement in *Gumz*, coupled with the conflict among the circuits on which both opinions in *Gumz* remarked, should have alerted the parties to the possibility of change (in the Supreme Court if not in this court), no one asked the district court to take precautions against that day. No one asked, for example, to have the jury answer special interrogatories addressing each element of the constitutional tort, answers that might permit the entry of judgment without the need for a new trial.

■ When law in the process of transition overtakes the events of trial, a court sometimes may correct what in retrospect is an error, even if the objection at the time was inadequate. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). But ours is not a case in which Williams and his lawyer knuckled under to a clear indication that the district judge would give an instruction with a "severe injury" component and failed to lodge an objection for the record at the instruction conference. The question did not arise during the trial; there is no indication that the district court considered, let alone closed his mind on, this subject. Ours is a case in which Williams's lawyer *proposed* an instruction with a "severe injury" component. The district judge therefore had no occasion to decide whether *Gumz* was healthy, whether *Whitley* had replaced it, whether it would be prudent to submit special interrogatories to guard against the possibility of a change in law. The plaintiff was the proponent of the "severe injury" instruction, conceivably with sound reason. Verdicts in libel cases have leaped now that courts focus jurors' attention on the defendants' state of mind and wilful misconduct, which until 1964 rarely mattered in defamation cases; a lawyer who believes that his client has suffered "severe injury" might think it advantageous to focus the jury's attention on this subject, the better to elicit an emotional response. That response was not forthcoming, and we are unwilling to give Williams another bite at the apple.

■ It is not speculation about trial counsel's strategy that informs our decision. It is the principle that in a civil case a litigant may not attack an instruction of which he was the proponent. *City of Springfield v. Kibbe*, —— U.S. ——, 107 S.Ct. 1114, 1116, 94 L.Ed.2d 293 (1987); cf. *Williamson v. Handy Button Machine Co.*, 817 F.2d 1290, 1295–96 (7th Cir.1987). A litigant who wants to precipitate or participate in the process of legal evolution must at least draw the subject to the court's attention. Trials are costly. We cannot give multiple trials to litigants who do not attend to their own fortunes, without reducing the quality of justice available to other litigants waiting in the queue for judicial attention. Even in criminal cases, litigants who neglect to press legal developments on the trial courts are bound by the legal rules in which all parties acquiesced. *Engle v. Isaac*, 456 U.S. 107, 130–34, 102 S.Ct. 1558, 1573–75, 71 L.Ed.2d 783 (1982). Williams had a fair trial, under legal rules in which he acquiesced. His new appellate counsel made a splendid argument in an attempt to extricate him, but the die was cast at trial.

AFFIRMED.