Jorge B. CASTILLO, Plaintiff,

v.

Jim BOWLES, Sheriff, and Marcus Hatley, Deputy Sheriff, Defendants.

Civ. A. No. 3–87–1656–H.

United States District Court, N.D. Texas, Dallas Division.

April 8, 1988.

Jorge B. Castillo, Tennessee Colony, Tex., pro se.

Dolena Westergard, Asst. Dist. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendants' Motion for Summary Judgment with supporting brief and evidence, filed September 25, 1987; Defendants' Appendix to Motion for Summary Judgment, filed September 29, 1987; Plaintiff's Response to Defendants' Motion for Summary Judgment and Cross–Motion for Summary Judgment with supporting briefs and affidavits, filed November 5, 1987; Defendants' Response to Plaintiff's Cross–Motion for Summary Judgment and Defendants' Reply to Plain-

tiff's Response to Defendants' Motion for Summary Judgment, filed December 4, 1987; Plaintiff's Reply to Defendants' Response to Plaintiff's Cross–Motion for Summary Judgment, which is styled "Plaintiff Response To Defendant's Reply .to Plaintiff's Response To Defendants Motion for Summary Judgment, And Plaintiff Objected To Any Defendants Pleading," filed December 28, 1987; and a final affidavit in support of Plaintiff's Cross–Motion for Summary Judgment, filed January 13, 1988.

This is a *pro se* § 1983 civil rights case filed by Jorge B. Castillo, an inmate at the Texas Department of Corrections ("TDC") against Jim Bowles, the Sheriff of Dallas County, and Marcus Hatley, a Dallas County Deputy Sheriff. Plaintiff filed suit as an individual alleging that his constitutional rights were violated by Defendants in a number of ways. All of Plaintiff's claims arise from incidents that occurred during two periods in which he was confined in the Dallas County Jail ("the jail"). Plaintiff was transferred from TDC to the jail for the purpose of trials in federal court. He was housed in the jail from May 12, 1986 to September 3, 1986 and from February 19, 1987 to March 4, 1987.[1]

Plaintiff alleges the following nine separate violations of his constitutional rights.

1. The jail was overcrowded while Plaintiff was confined therein.

2. Plaintiff was forced to sleep on the floor for several days during his incarceration in the jail.

3. Plaintiff's legal materials and other personal property were taken from him and, as a result, he was unable to prepare for his trial, which was held before the Honorable Robert Maloney on February 23, 1987.

4. When Judge Maloney ordered that Plaintiff's legal materials be brought to him in court, Plaintiff's property

at the jail was subjected to an illegal search.

5. Plaintiff was defamed by jail guards who said very bad things about him while Plaintiff was in court.

6. Plaintiff was assaulted and verbally abused by Defendant Hatley on March 4, 1987.

7. The bus used to transport Plaintiff between the jail and TDC was unsafe.

8. Defendant Bowles conspired with the Dallas Court of Appeals to deny Plaintiff a fair hearing by convincing the Court of Appeals to expedite Plaintiff's appeal of his conviction.

9. Plaintiff suffered mental and emotional distress while at the jail.[2]

Defendants contend that they are entitled to summary judgment as to all of Plaintiff's claims on four separate and independent grounds. First, Defendants claim that Plaintiff has failed to carry his burden as set forth in Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) in opposing Defendants' Motion for Summary Judgment. Second, Defendants claim that Plaintiff has not made the necessary factual allegations regarding Defendants' qualified immunity defense. Third, Defendants claim that Plaintiff does not have standing to assert many of his claims because they rest on the legal rights of third persons. Finally, Defendants contend that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. For the following reasons the Court agrees that Defendants are entitled to summary judgment in their favor on all of Plaintiff's claims.

### *Insufficient Summary Judgment Evidence*

Summary judgment is proper when the pleadings and evidence on file show that no

---

**1.** The purpose of his first transfer is disputed; Defendant claims Plaintiff appeared in a habeas corpus proceeding under 28 U.S.C. § 2254, and Plaintiff claims he appeared in court on a federal misdemeanor charge. The facts disputed are not material. The parties agree that the pur-

pose of Plaintiff's second transfer was to appear as Plaintiff at the trial of another § 1983 action.

**2.** This allegation is a statement regarding Plaintiff's damages rather than a separate claim. As such it is not a ground for relief and will not be dealt with further in this opinion.

genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. A movant for summary judgment need not support his motion with evidence negating his opponent's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment may be entered against a party if after adequate time for discovery the party fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex,* 106 S.Ct. at 2552–53.

■■■ Thus, the party with the burden of proof, the Plaintiff in this case, who opposes a motion for summary judgment must point out specific facts showing that there is a genuine issue for trial. *Id.; Slaughter v. Allstate Ins. Co.,* 803 F.2d 857, 860 (5th Cir.1986). Factual specificity is required because summary judgment is designed to go beyond the pleadings in order to assess the proof and ascertain whether a claim is baseless and should be dismissed or, alternatively, whether a genuine fact issue exists and trial is necessary. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1196 (5th Cir.1986). Because the opponent of a summary judgment motion must designate specific facts, it is not enough that he merely restate his claims—general allegations and self-serving conclusions unsupported by specific facts are not adequate. *See Howard v. City of Greenwood,* 783 F.2d 1311, 1315 (5th Cir.1986); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1221–22 (5th Cir.1985); *Gossett v. Du–Ra–Kel Corp.,* 569 F.2d 869, 872 (5th Cir.1978). Furthermore, the requirement that the party with the burden of proof set forth specific facts supporting his claim in response to a motion for summary judgment is not abandoned in *pro se* prisoner cases. *Cf. Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

Affidavits are an appropriate form in which to bring specific facts to the Court's attention. *Fed.R.Civ.P.* 56. General conclusory allegations, however, do not become sufficient simply because they are put in affidavit form and stated by someone other than the Plaintiff. Specific facts must be shown in order to avoid summary judgment. In addition, facts set forth in affidavits must be within the affiant's personal knowledge. *Fed.R.Civ.P.* 56(e); *Barker v. Norman,* 651 F.2d 1107, 1123 (5th Cir. Unit A July 1981).

In this case Defendants moved for summary judgment and supported their motion with proper summary judgment evidence: affidavits from both Defendants and three other deputy sheriffs, jail records, and excerpts from the transcript of Plaintiff's civil trial before Judge Maloney. That summary judgment evidence designated specific facts tending to support Defendants' argument that Plaintiff's claims had no basis in either fact or law. In response, Plaintiff failed to raise specific facts supporting his claim.

■■■ Plaintiff filed three affidavits, one signed by Mr. James Givens and two signed by Plaintiff and various other inmates. Those affidavits were full of conclusory allegations, but with one exception discussed below, they did not include any statements of fact within the personal knowledge of the affiants that support Plaintiff's legal claims. For example, in his affidavit Mr. Givens states that he was very sure that Plaintiff's complaints were true, that he had read Defendants' affidavits and was sure they were false, and that he knew Plaintiff was assaulted by Defendant Hatley because "Plaintiff is a quiet person and he like to correct the officers, and filed grievances...." Likewise, the affidavit signed by Plaintiff and five other inmates on January 8, 1988 conclusorily states: "The County jail facilities was overcrowded thereby placing us in a cruel and unusual punishing position.... Some of us knew how [H]artly like to treat the inmates. Also Bowles is denying the inmates of their constitutional rights, we filed grievances and never the situation got any better...." These statements are either conclusory or concern facts about which the affiants do not have personal

knowledge or both.[3]

The only summary judgment evidence offered by Plaintiff that in any way lists specific facts that are both within the personal knowledge of the affiants and that tend to support any of Plaintiff's claims is the affidavit of Plaintiff and twelve other inmates signed on October 30, 1987. In that affidavit the inmates list specific facts about a bus or several buses used to transport prisoners between TDC and the jail. The facts are alleged in support of Plaintiff's claim that the bus is unsafe, and they do effectively rebut Defendants' general contention, which is supported by summary judgment evidence, that the bus complied with applicable safety regulations at the time it was manufactured.[4]

Plaintiff, who would have the burden of proof at trial, has failed to put forth specific facts in support of any of his claims except his unsafe bus claim. Therefore, Plaintiff's other seven claims are properly dismissed pursuant to Federal Rule of Civil Procedure 56.

### Plaintiff's Claims Not Cognizable Under § 1983

Defendants argue that even if the facts alleged by Plaintiff were sufficiently specific to withstand a motion for summary judgment, Defendants would still be entitled to judgment in their favor because, even accepting all Plaintiff's allegations as true, his claims are not cognizable under § 1983. With two exceptions, discussed below, the Court agrees. The following discussion of the legal insufficiencies of Plaintiff's claims, therefore, provides an alternative and independent basis for the Court's dismissal of Plaintiff's claims.[5]

Plaintiff's first two claims are that the jail was overcrowded while he was incarcerated there and, as a result, Plaintiff was required to sleep on the floor for several days. Plaintiff's first claim makes sense only when read together with Plaintiff's second claim because the fact that Plaintiff was required to sleep on the floor is the only injury that Plaintiff claims to have been caused by the overcrowded conditions.[6] These claims are not cognizable under § 1983. The United States Constitution does not require that prisoners be provided an elevated bed. *See Mann v. Smith,* 796 F.2d 79, 85 (5th Cir.1986). Thus the fact that Plaintiff was temporarily forced to sleep on the jail floor does not give rise to a violation of his constitutional rights and is not cognizable under § 1983.

Plaintiff's third claim is that his legal materials were taken from him when he arrived at the jail, and, as a result, he was unable to prepare for his civil trial before Judge Maloney. Were these allegations true they would constitute a colorable § 1983 claim. *See Tyler v. "Ron" Deputy Sheriff,* 574 F.2d 427, 429 (8th Cir.1978) (taking of prisoner's legal papers states § 1983 claim if infringes right of access to courts). However, as discussed below, the evidence before the Court on the parties' cross-motions for summary judgment is such that summary judgment in favor of the Defendants on this claim is proper.

The Court may properly grant summary judgment against the party who has the burden of proof on an issue if a reasonable

3. As part of his summary judgment evidence Plaintiff also submitted two letters he wrote to the Chief Justice of the Texas Supreme Court. These letters contain only conclusory restatements of allegations made in his complaint. They do not present specific facts in support of his claims.

4. Plaintiff's claim that Defendants violated his constitutional rights by transporting him on an unsafe bus fails for other reasons discussed below and is dismissed by this same order.

5. In this section of the opinion the Court includes its discussion of Defendants' argument

that Plaintiff does not have standing to assert many of his claims because they rest on the legal rights of third parties. The Court does not address Defendants' contention that Plaintiff has failed to make the necessary factual allegations regarding Defendants' qualified immunity defense.

6. Plaintiff has no standing to assert a claim for injuries that other inmates may have suffered as a result of overcrowding at the jail. *See Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975); *O'Hair v. White,* 675 F.2d 680, 687 (5th Cir.1982).

jury could not return a verdict for that party based on the summary judgment evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed. 2d 202 (1986). The mere existence of a scintilla of evidence in support of the Plaintiff's position is insufficient. *Id.* In this case Defendants have presented summary judgment evidence that Plaintiff's legal materials were available to him from the property room at his request, that he requested them and received them, and that he had possession of his materials in his cell up until the time he left for Judge Maloney's courtroom.[7]

In response to Defendants' summary judgment evidence, Plaintiff denies the accuracy of Defendants' evidence and asserts that some of his legal materials were never returned to him. Based on this evidence the Court finds that a reasonable jury could not return a verdict for the Plaintiff. Accordingly, Plaintiff's third claim, that he was denied access to his legal materials in violation of his constitutional rights, is dismissed for lack of evidence.

■ Plaintiff's fourth claim is that his property was subjected to an illegal search when Judge Maloney ordered that Plaintiff's legal materials be brought to him in court on February 23, 1987. After carefully reading all of Plaintiff's pleadings and summary judgment responses, it appears to the Court that Plaintiff's allegations of an illegal search merely describe the acts of jail officials undertaken in an effort to bring Plaintiff his legal materials as ordered by Judge Maloney. However, even if the search was broader than required to comply with Judge Maloney's order or was unrelated to that order, Plaintiff's claim is not cognizable under § 1983. Prison inmates do not have a right of privacy in their cells and the Fourth Amendment proscription against unreasonable searches does not apply to searches of prison cells.

*Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200–01, 82 L.Ed.2d 393 (1984). Thus, even if jail officials did search Plaintiff's cell, they did not violate Plaintiff's constitutional rights by doing so.

■ Plaintiff's fifth claim is that he was defamed by jail guards who said very bad things about him while he was in court. Even if Plaintiff's allegations were true, Plaintiff alleges only harm to his reputation, which is not protected by the Constitution. *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976); *White v. Thomas,* 660 F.2d 680, 684 (5th Cir. Nov. 1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982). Thus, Plaintiff's fifth claim is not cognizable under § 1983.

Plaintiff's sixth claim is that he was assaulted and verbally abused by Defendant Hatley on March 4, 1987. Plaintiff alleges that while he and other inmates were waiting on chain to be transferred back to TDC, Defendant Hatley and six other officers assaulted and beat another inmate. Afterward, Plaintiff began talking with the allegedly beaten inmate. Plaintiff alleges that Defendant Hatley became angry with Plaintiff for talking with the other inmate, punched Plaintiff on the chest, pushed him around, threatened to hit Plaintiff again, threatened to handcuff Plaintiff's free hand, talked to Plaintiff in a generally provocative manner, and pushed Plaintiff along when Plaintiff started to walk. Plaintiff's Complaint at pages 7–8.

■ Defendant Hatley denied all of Plaintiff's allegations in an affidavit filed with Defendants' motion for summary judgment on November 5, 1987. As discussed in the first part of this opinion, Plaintiff's claim of assault is properly dismissed because Plaintiff produced no evidence in support of the allegations contained in his complaint. In addition, even if

---

7. The affidavit of Robert Knowles describes the procedures used by the jail for the handling of inmates' legal materials. Defendants' exhibit 3A attached to the affidavit of Max Chester includes Inmate Property forms and Property Release forms signed by the Plaintiff, which indicate that Plaintiff requested and received the legal materials checked into the property room during his first stay at the jail. Defendants' exhibit 6 is an excerpt of the transcript of Plaintiff's civil trial before Judge Maloney on February 23, 1987. Plaintiff's testimony at that time indicates that he had his legal materials with him in his cell during his second jail stay.

all of Plaintiff's allegations concerning the assault are true, Plaintiff's claim is not cognizable under § 1983 because the assault as alleged does not constitute an invasion of Plaintiff's constitutional rights.

Plaintiff has not alleged that he suffered any injury as a result of Defendant Hatley's alleged assault. The cases are clear that at least some injury must have been inflicted in order to state a claim under § 1983. *See e.g., Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir. Unit A Jan. 1981). At most Plaintiff has alleged an emotional injury, which, under the circumstances as he alleges them, is simply not sufficient to raise the alleged assault to the level of a constitutional invasion. *See Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) (some state-agent-inflicted injury is so minor as to occasion only a tort claim, not a constitutional invasion); *Mann v. Smith,* 796 F.2d 79, 85 (5th Cir.1986) (guard's intemperate remark that he wished he could take the prisoner outside the jail and shoot him falls under the maxim *de minimis non curat lex); McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert. denied,* 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983) (threatening language and gestures do not amount to constitutional violations).

Plaintiff's seventh claim is that the bus used to transport Plaintiff between the jail and TDC was unsafe. Plaintiff alleges that the bus was overcrowded and had been modified such that the seats had been replaced with benches that faced the sides of the bus and ran its length. Plaintiff also alleges that the bus was unsafe because it did not have seat belts and that adequate provisions were not made for the transportation of handicapped prisoners.

■ In order to state a claim under § 1983 Plaintiff must have been deprived of a right secured by the constitution and laws of the United States. *Martinez v. California,* 444 U.S. 277, 283, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980). Plaintiff has not alleged that the condition of the bus in which he was transported injured him in any way. At most Plaintiff has alleged that at some point in the future some inmate may be harmed because of the condition of the bus. Because Plaintiff has not alleged a deprivation of a protected right, his claim is not cognizable under § 1983. In addition, to the extent that Plaintiff attempts to base his claim on some nonspecific right of handicapped inmates, he has no standing to bring the claim. *See supra* note 6.

■ Plaintiff's eighth and final claim is that Defendant Bowles conspired with the Dallas Court of Appeals to deny Plaintiff a fair hearing by convincing the Court of Appeals to expedite Plaintiff's appeal of his conviction. If somehow Plaintiff could prove that Defendant Bowles did in fact conspire with the Dallas Court of Appeals and that such a conspiracy denied Plaintiff of a fair hearing, then Plaintiff would have proved a § 1983 violation. However, as noted in the first part of this opinion, Plaintiff has set forth absolutely no specific facts in support of his allegation of a conspiracy. " 'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C.A. § 1983." *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986) (quoting *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982)). Therefore, Plaintiff's eighth claim is dismissed.

### Conclusion

In summary, Plaintiff's claim that Defendants violated his constitutional rights by forcing him to ride in an unsafe bus is dismissed solely because it is not cognizable under § 1983. Plaintiff's claim that Defendant Bowles conspired with the Dallas Court of Appeals to deny Plaintiff a fair hearing is dismissed solely because Plaintiff failed to designate specific facts in support of his allegations of a conspiracy. Plaintiff's claim that he was denied access to his legal materials in violation of his constitutional rights is dismissed because the summary judgment evidence conclusively establishes that he was not improperly denied access. Plaintiff's remaining five claims are dismissed both because Plaintiff failed to designate specific facts in

support of them and because even if Plaintiff's conclusory allegations are true, they do not constitute cognizable claims under § 1983.

Defendants' Motion for Summary Judgment is GRANTED, and judgment will be entered accordingly.

SO ORDERED.