**Kenneth Ray HENSON, Plaintiff,**

**v.**

**Lawrence THEZAN; Anthony Villardita; John Fitzsimmons; John Gover; and Unknown Officers of the Chicago Police Department, Defendants.**

**No. 87 C 3418.**

United States District Court, N.D. Illinois, E.D.

Nov. 2, 1988.

Lance Haddix, Chicago, Ill., for plaintiff.

William B. Mackin, Asst. Corp. Counsel, Div. of General Litigation, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Kenneth Ray Henson has sued Chicago Police Officers Lawrence Thezan, Anthony Villardita, and John Fitzsimmons under 42 U.S.C. § 1983 for allegedly beating him after he was arrested for a home invasion, rape, attempted murder, and child molestation. His only evidence is his deposition testimony regarding his treatment— i.e., many hours of slapping, punching, kicking, toe-stomping, and more. Defendants have moved for summary judgment on the basis of: the officers' testimony that no such beating occurred; photos of plaintiff—line-up and mug shots—taken during the course of the alleged incident showing that he had sustained no external injuries; and a medical report made two days after the incident in which no injuries are mentioned.

## DISCUSSION

To prevail under § 1983, plaintiff must prove the following:

(1) that defendants acted under color of state law, (2) that the defendants' actions deprived plaintiff of her rights, privileges or immunities guaranteed by the Constitution, and (3) that the defendants' conduct proximately caused her injury.

*Van Houdnos v. Evans,* 807 F.2d 648, 653 (7th Cir.1986). To survive a motion for summary judgment, of course, plaintiff need only establish a genuine issue as to each material fact—i.e., "[that] there are [ ] genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Defendants contend that they are entitled to summary judgment on the following two grounds: first, that plaintiff has failed to establish a genuine issue of fact as to whether defendants violated his Fourth Amendment rights; and second, that even if plaintiff has established such a genuine issue on this score, he has not established one on the injury element.

*Constitutional Violation*

Defendants' first argument is predicated on the conflict between plaintiff's testimony and the physical evidence. Defendants do not dispute that, if plaintiff is telling the truth, he has established a valid Fourth

**152**

Amendment claim. *See Williams v. Boles,* 841 F.2d 181, 183 (7th Cir.1988); *Lester v. City of Chicago,* 830 F.2d 706 (7th Cir. 1987) (excessive force in arrest claims are subject to a reasonableness test). Nor do they deny that, if the only evidence were the conflicting testimony of plaintiff and defendants, summary judgment would be improper. *Shlay v. Montgomery,* 802 F.2d 918, 920 (7th Cir.1986). Defendants do maintain, however, that the pictures and medical report so clearly contradict plaintiff's testimony that the testimony does not suffice to take the case to trial.

■ Although ordinarily courts may not resolve issues of credibility on summary judgment, there are exceptions to this rule. Testimony that defies the laws of nature, *Zollman v. Symington Wayne Corp.,* 438 F.2d 28, 32–33 (7th Cir.), *cert. denied,* 404 U.S. 827, 92 S.Ct. 59, 30 L.Ed.2d 55 (1971), or that is contradicted by unassailable physical evidence, could not support a verdict at trial, so cannot survive a summary judgment motion. *See* 6 J. Moore, *Moore's Federal Practice,* § 56.15(4) (1985). A plaintiff who sues the United States for having dropped an atom bomb on New York City in 1987, for example, will not get to trial no matter how insistently he claims to have been there when it happened. Defendants insist that plaintiff's testimony presents just such a case.

■ Defendants paint with too broad a brush. While the absence of admissible evidence controverting the physical evidence here precludes plaintiff from proving that he had serious external or medical injuries, it does not do the same for his claims that he was severely beaten. To be sure, the fact that plaintiff has lied about the extent of his injuries undermines the credibility of all of his testimony. But it does not render it all incredible. A jury could conclude that plaintiff lied about his injuries so as to enhance his damages, but at the same time determine that the remainder of his testimony is true. Accordingly, plaintiff has established a genuine issue of fact as to whether he suffered a deprivation of his Fourth amendment rights.

*Injury*

■ Defendants' second argument relies on the incredible portion of plaintiff's testimony. Defendants maintain that because, as noted above, plaintiff's testimony regarding the extent of his physical injuries does not create a genuine issue of fact, plaintiff cannot prove actual damages—i.e., injury—and thus cannot recover on his claim.

In support of this position, defendants cite a host of cases reiterating the axiom that, even under § 1983, a plaintiff who can prove no more than trivial damages cannot prevail. *See, e.g., Donald v. Polk County,* 836 F.2d 376, 380 (7th Cir.1988); *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). Defendants contend that, without proof that he suffered external injuries, plaintiff's injuries are, at best, trivial.

In light of Judge Easterbrook's recent opinion in *Williams v. Boles,* 841 F.2d 181 (7th Cir.1988), plaintiff expresses understandable surprise with this argument:

> Many things—beating with a rubber truncheon, water torture, electric shock, incessant noise, reruns of 'Space 1999'—may cause injury as they occur yet leave no enduring injury. The state is not free to inflict such pains without cause just so long as it is careful to leave no marks. The injury must be more than trifling—an allegation that a guard curled his lip at Williams without notice and an opportunity for a hearing would not state a claim—but Williams's injuries [pain and cut suffered when sprayed with Mace and hit with metal pipe] exceed that threshold.

*Id.* at 183 (citations omitted).

Defendant try to distinguish *Williams* by arguing that the case addresses only the injury necessary to establish a constitutional *violation* under the new standard adopted in *Lester v. City of Chicago,* 830 F.2d at 708 (proof of "severe injury" unnecessary under Fourth Amendment reasonableness test), not the injury required to satisfy the separate § 1983 damages element.

Defendants are both right and wrong. True, Judge Easterbrook's comments focus on the injury component of a Fourth Amendment violation. But there is nothing in his statements to support the argument that a greater degree of injury is required to prove actual damages. On the contrary, since it is difficult to conceive of a trivial injury being unreasonable under the *Lester* test, it is probable that the discussion in *Williams* of what suffices for Fourth Amendment injury applies to § 1983 claims generally. In any case, if plaintiff can prove his allegations with regard to the treatment he received from defendants, then he can recover damages for any pain and suffering occasioned by their acts. *See Nekolny v. Painter,* 653 F.2d 1164 (7th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1719, 72 L.Ed.2d 139 (1982).

### CONCLUSION

Defendants' motion for summary judgment is denied.