Natalya Tamara HAMPEL, Joseph Hampel, Plaintiffs,

v.

AUTORIDAD de ENERGIA ELECTRICA de PUERTO RICO; Director, Federal Bureau of Investigation; Director, Central Intelligence Agency; Director, National Security Agency; Director, Defense Intelligence Agency; Director, National Reconnaissance Office; Secretary, Department of Defense; Secretary, Defense Nuclear Agency; Director, Pentagon, Defendants.

Civ. No. 88–1056 HL.

United States District Court, D. Puerto Rico.

July 21, 1989.

Natalya Tamara Hampel, Barrio Yagua-da, Camuy, pro se.

Pedro Santiago Torres, San Juan, P.R., for PREPA.

Silvia Carreño Coll, Fed. Litigation Div., San Juan, P.R., for Commw. of P.R.

Fidel A. Sevillano Del Río, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiffs have moved for summary judgment. The federal defendants have also moved for summary judgment. Co-defendant Autoridad de Energia Electrica de Puerto Rico ("PREPA") has moved to dismiss, but, because it has submitted a sworn statement from one of its employees, the Court shall treat the motion as one for summary judgment. *See* Fed.R.Civ.P. 12(b).

Plaintiffs allege in their complaint that defendants have subjected them to:

> years of electro-magnetic radiations: microwave frequencies, infrared radiation or radiant heat (when it strikes human tissue, the light is converted into heat that can be sensed.) ultraviolet radiation (these rays are sufficiently energetic to damage the human eye), x-rays and gamma rays which are harmful to human tissue, light amplification by stimulated emission of radiation—or simply laser; an extremely intense and unified beam . . .

Plaintiffs further allege that this "constant radiation assault" has caused plaintiff Joseph Hampel to develop Guillain Barre Syndrome, and plaintiff Natalya Hampel to suffer the effects of excessive doses of radiation.

Plaintiffs also aver that this persecution is not limited to an assault of radiation, lasers, microwaves, nuclear devices and x-rays upon their bodies. Their home has been broken into many times, and searched. Their cow and goat have been killed, and the vegetation in their yard destroyed. Their mail has been tampered with. Plaintiffs insist that defendants are to blame for this unceasing torture. They have moved for summary judgment, arguing that because the defendants have not denied any of the material facts alleged in the complaint, they are entitled to judgment as a matter of law.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Plaintiffs have, however, simply re-asserted the allegations in the complaint in an affidavit filed by one of the plaintiffs, Joseph Hampel. The affidavit is pregnant with conclusory assertions that defendants are the cause of the "torture" that they endure, but is barren of any evidentiary basis for these assertions. They present nothing other than Mr. Hampel's affidavit and a medical certificate from the Mayaguez Outpatient Clinic diagnosing Joseph Hampel as suffering from Guillain Barre Syndrome, and describing his symptoms. With this evidentiary showing, plaintiffs have failed to show that the facts alleged in their complaint are without "genuine issue," and so plaintiffs' motion for summary judgment must be denied.

The federal defendants and PREPA, in their respective cross-motions for summary judgment, argue that they are entitled to summary judgment because plaintiffs have failed to provide any evidence that these defendants are involved in the alleged persecution. Since the plaintiffs would have the burden at trial of proving the facts alleged in their complaint, the defendants here are "entitled to judgment as a matter of law" if plaintiffs have "failed to make a sufficient showing on an essential element of [their] case with respect to which [they] have the burden of proof." *Id.*

Plaintiffs have not made *any* showing of *any* evidence to oppose defendants' motions for summary judgment. There is only another conclusion-ridden affidavit from Joseph Hampel. But, "[s]uch unsupported statements as to what an affiant

**54**

believes simply are not sufficient to raise a material issue of fact." *Anson v. Eastburn,* 582 F.Supp. 18, 24 (S.D.Ind.1983). Moreover, "[b]ecause the opponent of a summary judgment motion must designate specific facts, it is not enough that he merely restate his claims—general allegations and self-serving conclusions unsupported by specific facts are not adequate." *Castillo v. Bowles,* 687 F.Supp. 277, 280 (N.D.Tex.1988). While plaintiffs have certainly demonstrated their belief that defendants are waging this electronic war upon them, they must, in opposition to defendants' motions for summary judgment, make a showing of the evidence which supports their belief. "[M]ere conjecture or speculation by the resisting party does not provide a basis upon which to deny the motion; and that party must do more than simply show that there is some metaphysical doubt as to the material facts." *Merrill Lynch Futures, Inc. v. Miller,* 686 F.Supp. 1033, 1037 (S.D.N.Y.1988).

To oppose successfully a summary judgment motion, the non-movant, plaintiffs here, must provide evidence showing that there exists a "genuine" issue of "material" fact. Fed.R.Civ.P. 56; *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975). "The evidence manifesting the dispute must be 'substantial' [citation omitted], going beyond the allegations of the complaint." *Id. See also* Fed.R.Civ.P. 56(e). The nature of plaintiffs' allegations in this case, however, require an even greater evidentiary showing. "[I]f the factual context renders [plaintiffs'] claim implausible ... [plaintiffs] must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Plaintiffs' claims here

are, speaking mildly, implausible, and this Court would need far more persuasive evidence than has been provided to find that a genuine issue exists as to whether defendants are in fact causing plaintiffs' suffering.

Testimony that defies the laws of nature [citation omitted], or that is contradicted by unassailable physical evidence, could not support a verdict at trial, so cannot survive a summary judgment motion. [citation omitted] A plaintiff who sues the United States for having dropped an atom bomb on New York City in 1987, for example, will not get to trial no matter how insistently he claims to have been there when it happened.

*Henson v. Thezan,* 698 F.Supp. 150, 152 (N.D.Ill.1988).

On a summary judgment motion, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 106 S.Ct. at 2554. Defendants have sufficiently made that showing. Furthermore, defendants are not required to support their motion with evidence *negating* plaintiffs' claim to be entitled to summary judgment. *Celotex,* 106 S.Ct. at 2553. Therefore, on the basis of plaintiffs' failure to provide "any significant probative evidence tending to support the complaint," *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968), and on our finding that "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), defendants' motions for summary judgment are hereby GRANTED.[1]

1. Plaintiffs have also alleged a Freedom of Information Act ("FOIA") claim, 5 U.S.C. sect. 552 *et seq.* From the record, it appears that the plaintiffs have requested information from only one agency, the FBI. Plaintiffs have not shown that they have made requests to any other agencies. The FBI has identified two files pertaining to plaintiffs, one involving plaintiffs' previous FOIA requests, and which the FBI agrees to release to plaintiffs, and one involving plaintiffs'

previous cause of action filed in this Court, Civil Action 83–974(TR). The FBI claims that this file is exempt from disclosure pursuant to 5 U.S.C. sect. 552a(d)(5) and 5 U.S.C. sect. 552(b)(5). There is no evidence showing that plaintiffs have appealed this denial to the Department of Justice. Because plaintiffs have failed either to exhaust, in the case of the FBI, or to pursue, in the case of all the other agencies originally named in the complaint, their admin-

WHEREFORE, plaintiffs' motion for summary judgment is hereby DENIED. The motion for summary judgment filed on behalf of the Director of the Federal Bureau of Investigation, the Director of the Central Intelligence Agency, the Director of the National Security Agency, the Director of the Defense Intelligence Agency, the Director of the National Reconnaissance Office, the Secretary of the Department of Defense, the Secretary of the Defense Nuclear Agency, and the Director of the Pentagon is GRANTED. The motion to dismiss filed by PREPA is also GRANTED.

IT IS SO ORDERED.

istrative remedies under the FOIA, their FOIA claim is denied without prejudice. *See* 5 U.S.C. sect. 552(a)(6)(C).