993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Douglas Henry THORNTON, Plaintiff-Appellant,
v.
Gary L. HENMAN, et al., Defendants-Appellees.
 No. 91-3397.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 19, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Douglas Thornton appeals from the district court's order dismissing his pro se complaint as frivolous, pursuant to 28 U.S.C. § 1915(d), and denying him leave to proceed in forma pauperis. We affirm.
 
 
 2
 Thornton, an inmate of the United States Penitentiary at Marion, Illinois, filed this Bivens action alleging that prison officials and fellow inmates perpetrated numerous constitutional violations. Thornton asserts that he is the victim of a "program" at Marion causing him to endure brainwashing, as well as injury to his entrails, thymus gland, and other body parts. The plaintiff asserts that the prison staff has adulterated his food with chemicals, drugs, and bugs, and that he wakes up in the morning with cuts and aching bowels allegedly symptomatic of homosexual acts. Thornton claims that prison doctors are using his body for experiments with the human immunodeficiency virus. Plaintiff receives medication for his physical symptoms, but he complains that he has been denied medical treatment for the afflictions recited in his complaint. Prison officials sent Thornton to the Medical Center for Federal Prisoners in Springfield, Missouri, for diagnosis of his symptoms, but the plaintiff alleges that he was subjected to the same "program" at that facility. Thornton also claims that inmates have physically attacked him and that he has been the target of verbal assaults by guards concerning his race and ailments. The plaintiff further alleges that some of the defendants have neglected to discipline an inmate who attacked the plaintiff on one occasion. The plaintiff requests monetary and injunctive relief. (A companion complaint sought release from prison. Thornton did not appeal from the order denying this relief.)
 
 
 3
 The obligation to construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), does not prevent judges from dismissing frivolous suits. 28 U.S.C. § 1915. A claim is frivolous if the litigant is unable to formulate any rational argument in law or fact that would entitle him to relief. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Section 1915(d) also creates "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." Neitzke, 490 U.S. at 327. Even an extraordinary liberal reading of Thornton's complaint fails to produce a cognizable claim.
 
 
 4
 Plaintiff's overarching contention that the control program at Marion is unconstitutional was rejected in Bruscino v. Carlson, 854 F.2d 162 (7th Cir.1988). Thornton's allegation that components of this program include brainwashing, drugging, and homosexual assaults as part of scientific experimentation were not considered in Bruscino, but we agree with the district court that these allegations are fantastic and delusional, and therefore subject to dismissal under § 1915(d).
 
 
 5
 The district court appropriately found that plaintiff's complaints of threatened and actual physical and verbal attacks by fellow inmates or guards did not state a claim under the Eighth Amendment. While a correctional officer may not intentionally expose an inmate to violence at the hands of another prisoner, see Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 758 (7th Cir.1988), or use force gratuitously, Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Williams v. Boles, 841 F.2d 181, 183 (7th Cir.1988), Thornton's complaint did not allege that any of the named defendants had violated his right to be free from such cruel and unusual punishment. The district court noted that one of the exhibits accompanying the plaintiff's complaint described an incident in which the plaintiff alleged that a guard may have set the plaintiff up for an attack or failed to protect him from another inmate. The district court noted that this incident was not mentioned in the plaintiff's complaint and informed the plaintiff that he could file a new lawsuit against the person responsible for that altercation. Plaintiff's claim that prison officials verbally harassed him suggests unprofessional behavior, not a violation of his constitutional rights. See Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir.1987).
 
 
 6
 Plaintiff's grievances concerning medical treatment also fail to describe a constitutional violation. His pleadings reveal that he has received medical examinations and medication to treat his symptoms. Nothing in the pleadings suggests that prison officials have been deliberately indifferent to any serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). At most, Thornton alleges that prison doctors have committed malpractice or pursued a course of treatment that the plaintiff dislikes. Neither creates liability in a civil rights action. Estelle, 429 U.S. at 106-07; Wood v. Woracheck, 618 F.2d 1225, 1233 (7th Cir.1980).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 Because the plaintiff has paid the docketing fee for this appeal, his belated motion to proceed in forma pauperis on appeal is denied.