95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Plaintiff-Appellant,
v.
John BARNES, et al., Defendants-Appellees.
 No. 95-3175.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 1, 1996.*
Decided Aug. 20, 1996.
Rehearing Denied Oct. 15, 1996.
 
 Before RIPPLE, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James H. Higgason, Jr., filed this 42 U.S.C. § 1983 suit against officials of the Indiana State Prison, where Higgason is incarcerated. Higgason's complaint alleged that these officials denied him the right of access to the courts and retaliated against the exercise of that right when they seized his legal work relating to a lawsuit against other prison officials. He also alleged that this legal work was destroyed in violation of due process and state law. The district court granted judgment on the pleadings to most of the defendants, Fed.R.Civ.P. 12(c), dismissed another defendant for lack of service,[1] and entered judgment. Higgason appeals.
 
 
 2
 Higgason first claims that he was denied procedural due process at a disciplinary hearing. This claim fails for two independent reasons. First, Higgason's complaint contains a conclusory assertion that he was denied procedural due process, and does not hint at what process was denied. Second, his claim fails under Sandin v. Conner, 115 S.Ct. 2293 (1995), because he has not indicated how his disciplinary sentence of thirty days in segregation amounted to an "atypical and significant hardship." See id. at 2300-02; Williams v. Ramos, 71 F.3d 1246, 1249 (7th Cir.1996).
 
 
 3
 Higgason's primary arguments are that prison officials denied, and retaliated against the exercise of, his right of access to the courts by depriving him of his legal materials relating to Higgason v. Rosko, No. S91-563M (N.D.Ill.) (judgment entered Apr. 8, 1993), summarily aff'd sub. nom. Higgason v. Adank, No. 93-2000 (7th Cir. Feb. 3, 1994) (unpublished order), cert. denied, 115 S.Ct. 248 (1994). Lewis v. Casey, 116 S.Ct. 2174 (1996), holds that a prisoner has not shown an actual injury to his right of access to the courts--and thus lacks standing to assert a denial of access to the courts--if he is merely deprived of the ability to present a frivolous claim. Id. at 2180-81 & nn. 2-3. Higgason claims that he would have argued in Adank that prisoners have "a constitutionally protected right to remove our clothing and masturbate in the privacy of our individual cells." If this privacy argument is based on the Fourth Amendment, it is clearly foreclosed by Hudson v. Palmer, 468 U.S. 517 (1984). Id. at 525-28; Johnson v. Phelan, 69 F.3d 144, 146 (7th Cir.1995); Williams v. Boles, 841 F.2d 181, 183 (7th Cir.1988). The argument is also frivolous if based on the Eighth Amendment, because Higgason did not present "the sort of claim that Hudson holds in reserve"--i.e., " 'calculated harassment unrelated to prison needs' "--or even a claim of " 'unnecessary and wanton infliction of pain.' " Johnson, 69 F.3d at 147 (quoting Hudson, 468 U.S. at 530, and Whitley v. Albers, 457 U.S. 312, 319 (1986)). Even the dissent in Johnson recongnizes that "the right of prisons and jails to maintain visual surveillance of potentially dangerous prisoners even when naked cannot be doubted in light of the serious security problems in many American prisons and jails today." Id. at 152 (Posner, C.J., dissenting); accord id. at 146 (majority opinion). Higgason's privacy claim is frivolous, and thus Higgason suffered no actual injury in the alleged deprivation of access to the courts in the Rosko/Adank litigation.
 
 
 4
 Higgason's final claims are that the seizure and destruction of his legal papers deprived him of due process and was tortious under Indiana law. Higgason has not stated a due process claim because he has not alleged that he lacked an adequate state post-deprivation remedy. Doherty v. City of Chicago, 75 F.3d 318, 323-24 (7th Cir.1996). Without a valid due process claim or any other viable federal claim, the district court properly declined supplemental jurisdiction over the state tort law complaint. 28 U.S.C. § 1367(c)(3).
 
 The judgment is AFFIRMED.[2]
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On appeal, Higgason does not challenge the dismissal for lack of service
 
 
 [2]
 In light of our disposition on the merits, we need not consider the appellees' motion to revoke Higgason's in forma pauperis status