**Dianne GEORGE, Plaintiff–Appellant,**

v.

**ALDEN MANAGEMENT, CORP., Defendant–Appellee.**

No. 02–3278.

United States Court of Appeals, Seventh Circuit.

Submitted March 26, 2003.*

Decided March 31, 2003.

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

ORDER

Dianne George sued Alden Management, alleging that it violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.*,

when it subjected her to racial slurs; permitted supervisors to harass her; and terminated her based on her race, color, gender, and age. The district court granted Alden's motion to dismiss for failure to state a claim, finding that George did not file her discrimination claim in district court within 90 days of receiving her right-to-sue letter. We affirm.

George filed a charge of discrimination with the Illinois Department of Human Rights and the EEOC in June 2001, and the EEOC sent her a right-to-sue letter dated August 28, 2001. In a form complaint filed on November 28, 2001, she alleged that she received the letter on "8–28–01." More than a month later, she amended her complaint and, in doing so, changed the date of receipt. Her writing is not entirely legible, but she changed the day of the month from "28" to "29." Different markings appear on the digit representing the month, making it unclear if she also intended to change the month from "8" to "9."

Alden filed a motion to dismiss, asserting that George had filed her complaint too late. Alden apparently assumed that George had received the right-to-sue letter in August and not September, and pointed out that regardless of whether she received the letter on August 28 or August 29, she had not filed her complaint within 90 days of either date. In response, George merely asserted that she "filed in the district court on time," and she did not argue that she received the right-to-sue letter on September 29, rather than August 29 as Alden argued.

The court dismissed the complaint. Accepting Alden's version of events, the court found that the action was untimely filed

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

because–regardless of whether George received the right-to-sue letter on August 28 or August 29–she had not filed this action within the required 90 days. The court pointedly noted, moreover, that George "does not argue that Defendant misread the dates (legibility is limited in the documents) in her complaints."

On appeal George asserts without elaboration that she "filed her civil action within the 90–day period. Was timely[,]" and "Discrimination complaint was filed in Federal Court within (90) days of EEOC Notice." But nowhere in her brief does she challenge the district court's characterization of her complaint as alleging that she received her right-to-sue letter on August 28, 2001, and her amended complaint as alleging receipt on August 29, 2001. Although it is unclear whether George intended in her amended complaint to change the month from "8" to "9," we need not resolve this ambiguity because George never called this point to the district court's attention, and thus, has forfeited the right to a finding on the question. *See*

*Fine v. Ryan Int'l Airlines,* 305 F.3d 746, 757 (7th Cir.2002). When a party does not dispute the district court's reading of its complaint, we assume that the reading was correct. *See A.E.I. Music Network, Inc. v. Bus. Computers, Inc.,* 290 F.3d 952, 957 (7th Cir.2002); *see also Herzog v. Village of Winnetka, Illinois,* 309 F.3d 1041, 1042 (7th Cir.2002) ("With immaterial exceptions, judges do not interrogate factual assertions made by a party unless his opponent contests them."); *Albrechtsen v. Bd. of Regents of the Univ. of Wis. Sys.,* 309 F.3d 433, 436 (7th Cir.2002) ("[T]he court treats silence as assent to the moving party's presentation"). George has given us no reason to disturb the district court's conclusion in this case, and its judgment is Therefore AFFIRMED.