**Mikeal GIBSON, Plaintiff–Appellant,**

v.

**Benjamin PICOU, et al., Defendants–Appellees.**

No. 03–3035.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 2004.

Decided June 3, 2004.

Darrell Dunham, Carbondale, IL, for Plaintiff–Appellant.

Alvin C. Paulson, Robert E. Becker, Becker, Paulson, Hoerner & Thompson, Belleville, IL, for Defendants–Appellees.

Before COFFEY, ROVNER, and EVANS, Circuit Judges.

## ORDER

Mikeal Gibson sued a county sheriff and jail guard under 42 U.S.C. § 1983 for allegedly violating his constitutional rights in connection with an arrest. The district court granted summary judgment for the defendants. Because Gibson did not demonstrate any disputed issue of material fact for trial, we affirm.

Gibson served time for forgery in Randolph County, Illinois. A week after his release from the county jail, two other inmates told correctional officer Timothy Whaley that while at the jail Gibson had stolen several blank "driver abstract" forms from the facility. Whaley also learned that Gibson intended to use the forms to "fix" his driving records for insurance purposes. Whaley notified Benjamin Picou, the Randolph County sheriff, who "deputized" Whaley and told him to go get Gibson. Because Gibson lived in neighboring Perry County, Whaley asked for assistance from its sheriff's department, which sent a deputy to help.

Whaley and the deputy waited for Gibson at his house. When Gibson arrived Whaley arrested him, applied handcuffs, and placed him in a police car. Gibson did not resist but complained that the handcuffs were too tight. He was taken to Randolph County, where Whaley and Picou interrogated him and allegedly threatened to beat him if he refused to admit

taking the forms. Gibson admitted nothing, and the next day he was released on bond after being charged with theft and criminal damage to government property. He received medical treatment for a sprained left wrist a day later. Gibson ultimately pleaded guilty to theft in connection with the missing forms. He was fined $250 and sentenced to two years' probation.

Gibson sued Randolph County, Picou, and Whaley. His complaint alleges that the defendants violated the Fourth Amendment in addition to committing assault, battery, and false imprisonment. Gibson also maintains that his complaint alleges that Picou and Whaley subjected him to unlawful interrogation, but the defendants insist that no interrogation claim is found anywhere in the complaint. The district court granted summary judgment for the defendants on the federal claims. The court concluded that probable cause supported the arrest because information from the two jail inmates would have permitted a reasonable officer to believe that Gibson had stolen forms from the jail. The court also concluded that Whaley's use of handcuffs, even if the restraints caused Gibson's sprained wrist, could not sustain an excessive-force claim because there was no suggestion other than the sprained wrist that Whaley had used an unusual amount of force during the arrest. As for the interrogation, the court noted that Gibson had suggested during his deposition that he was unlawfully questioned after his arrest but had waived any claim for relief by failing to develop it. Finally, the court declined to exercise supplemental jurisdiction over Gibson's state-law tort claims.

On appeal Gibson challenges the district court's judgment only with respect to his claims against Picou and Whaley for arrest without probable cause, use of excessive force, and unlawful interrogation. Gibson first argues that summary judgment should not have been granted on the illegal-arrest claim because the defendant's supporting evidence is inadmissible. Gibson first recites the district court's conclusion that Whaley's arrest report provided "the only information in the record about the oral statements" from the two inmates; that arrest report, says Gibson, is inadmissible on hearsay and lack of authentication grounds.

■ Gibson, however, did not object to the defendant's use of the arrest report in responding to their motion for summary judgment. In the absence of an objection, the court was entitled to consider the arrest report in making its decision. *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1267 (7th Cir.1986); *see also Brown v. Aventis Pharm., Inc.,* 341 F.3d 822, 825–26 (8th Cir.2003); *Pfingston v. Ronan Eng'g Co.,* 284 F.3d 999, 1003 (9th Cir. 2002); *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 340 n. 9 (4th Cir.2001); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Judgment § 2722 at 384–85 (3rd ed. 1998). Consequently, Gibson's failure to object to the admission of the arrest report waives any challenge to its consideration by the district court.

Gibson next argues that his handcuff claim should have gone to trial. His principal contention is that he produced evidence that he was "peaceable, nonthreatening, [and] cooperative" and therefore handcuffs should not have been applied at all. Gibson also contends that the cuffs should have been loosened or removed when he complained that they were too tight. But the thrust of Gibson's argument—that using handcuffs on a compliant detainee is always unreasonable—ignores Supreme Court precedent approving full custodial safeguards, complete with handcuffs, even on persons arrested for routine

traffic offenses. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 354–55, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

■ It is true that excessively tight handcuffs might evidence an unreasonable application of force. *See, e.g., Payne,* 337 F.3d at 779–80 (rejecting claim of qualified immunity where plaintiff "protested that the handcuffs were too tight, that she could not feel her hands, and that she was in pain"); *Herzog v. Village of Winnetka,* 309 F.3d 1041, 1043 (7th Cir.2002). But Gibson's sole evidence that the use of force was excessive is contained in his affidavit, which states "that the handcuffs were too tight and that they were hurting my wrist." (For although Gibson tendered evidence of a sprained wrist, nothing in his submission suggests that it resulted from closing the handcuffs too tightly.) However, we have held that without an "indication that [an] arrest was effected in an unusual or improper manner," an excessive force claim that handcuffs were applied too tightly "has no possible merit." *Braun v. Baldwin,* 346 F.3d 761, 763 (7th Cir.2003). Because Gibson did not provide any evidence to suggest that his arrest was effected in an improper manner (other than his bald contention—that we have already rejected—that he should not have been handcuffed in the first place), his claim must fail.

■ Finally, Gibson argues that the district court wrongly concluded that he never presented an illegal interrogation claim. Gibson contends that his complaint gives notice that he claims that the defendants threatened him during the interrogation, but in fact his complaint alleges only that "his arrest, his restraint, and his subsequent confinement were without [his] consent, without probable cause, unreasonable, unjustified," and that the defendants deprived him of "his rights to be free of unreasonable searches and seizures, false arrest, false imprisonment, and cruel and unusual punishment." Gibson's complaint, then, cannot possibly be read to include an interrogation claim. Indeed, it was not until his deposition that Gibson first mentioned that Picou and Whaley threatened to beat him during questioning. Gibson attempts to excuse the omission from his complaint by arguing that he included the interrogation claim in responding to the motion for summary judgment. But without formal or constructive leave to amend his complaint (neither of which are established by these facts) Gibson could not assert a claim for the first time in his response. *Whitaker v. T.J. Snow Co.,* 151 F.3d 661, 664 (7th Cir.1998); *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir.1996). Accordingly, the district court was correct to conclude that no interrogation claim was presented.

■ In any event, we note that no such claim seems even remotely tenable on this record. The interrogation never resulted in a confession used during the criminal proceedings, so as a matter of law Gibson had no Fifth Amendment claim that Picou and Whaley violated his privilege against compelled confessions. *See Chavez v. Martinez,* 538 U.S. 760, 773, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003). Gibson's only conceivable claim was that the interrogation was conducted in a manner that violated the Fourteenth Amendment's Due Process Clause, *see id.,* but his admission that the defendants merely brow beat him and never engaged in any physical abuse or otherwise caused harm forecloses any prospect of establishing a due process violation, *see Wilkins v. May,* 872 F.2d 190, 195 (7th Cir.1989).

AFFIRMED.