In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3640

NORMAN L. MALONE,

*Plaintiff-Appellant,*

*v.*

CORRECTIONS CORPORATION OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-C-377-C—**Barbara B. Crabb**, *Chief Judge*.

SUBMITTED DECEMBER 4, 2008—DECIDED JANUARY 21, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and
TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.  After being convicted in
Wisconsin, Norman Malone was sent to Oklahoma to
serve his sentence in a prison run by Corrections Corp. of
America, which housed some of Wisconsin's surplus
prisoners. Malone was injured by the guards during a
disturbance started by other prisoners in April 2003.
He says that the guards used gas and bodily force—
unnecessarily, he maintains, because they knew that he

was not among the troublemakers. He filed this suit under 42 U.S.C. §1983 against the corporation (rather than any of the guards), in Wisconsin, a little more than four years later. Although she assumed that Malone's version of events is correct, the district court dismissed the complaint after screening under 28 U.S.C. §1915A, concluding that the claim is barred by the statute of limitations. (The judge did not consider other potential problems, such as whether the corporation is a state actor amenable to suit under §1983 given the lack of any allegation that Wisconsin directed or even influenced the events of which Malone complains, cf. *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that privately operated prisons may not be sued under the *Bivens* doctrine), or how the corporation could be held vicariously liable for the guards' misconduct or errors. See *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).)

Malone's claim accrued in 2003 because he knew of his injury and could have filed suit immediately. See *Wallace v. Kato*, 549 U.S. 384 (2007). Neither §1983 nor its companion 42 U.S.C. §1988 contains a statute of limitations. The Supreme Court concluded in *Wilson v. Garcia*, 471 U.S. 261 (1985), that federal courts must use the periods of limitations adopted by the states for personal-injury suits. See also *Owens v. Okure*, 488 U.S. 235 (1989). That is six years in Wisconsin and two years in Oklahoma. Compare Wis. Stat. §893.53 with 12 Okla. Stat. §95. Malone contends that the district court must use Wisconsin's period, because that's where he filed suit. But the district court chose Oklahoma's, because that's where the injury occurred.

*Wilson* directs federal courts to use a period derived from state law. Usually that means the state in which the federal court sits. But the Supreme Court did not hold that the forum state's statute is the right one when the injury occurred elsewhere. Neither this circuit nor, as far as we can tell, any other, has considered which statute of limitations is appropriate when the constitutional tort occurred in a state other than the forum of the litigation. (Quite a few decisions, in and out of this circuit, say that the law of the place of injury controls. E.g., *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). But these are not holdings, for in each of these cases suit was filed in the state where the injury occurred.)

In diversity litigation it is a familiar principle that federal courts use the whole law of the forum state, including that state's choice-of-law rules. See *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945) (applying this principle to the period of limitations). *Wilson* and *Owens* do not say whether the same approach is apt for limitations periods absorbed into federal law and applied to federal claims. But *Hardin v. Straub*, 490 U.S. 536 (1989), holds that, when borrowing a state's period of limitations, the federal court must take all related doctrines, such as those that specify tolling, revival, and details of application. See also *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). In other words, the federal court takes a body of developed law, for statutes of limitations cannot be divorced from the associated rules that determine how long a plaintiff has to commence suit.

A private patient can't use Wisconsin's six-year statute to complain about medical malpractice in Oklahoma; that

must be so for §1983 suits as well. *Wilson*, *Owens*, and *Hardin* tell us that the rules for §1983 litigation track those that the state applies to private, personal-injury suits. This must mean respecting the choice-of-law doctrines that states employ to select the appropriate personal-injury statute. Otherwise every §1983 plaintiff in the country could file suit in whichever of the 50 states has the longest statute of limitations, wait for the inevitable transfer under 28 U.S.C. §1404(a), and then demand that the original state's statute of limitations travel with the suit, as *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), and *Van Dusen v. Barrack*, 376 U.S. 612 (1964), require when the forum state's statute of limitations would have applied in the original forum.

Wisconsin generally applies the limitations period of the state in which the injury occurs. See Wis. Stat. §893.07(1); *Wenke v. Gehl Co.*, 274 Wis. 2d 220, 682 N.W.2d 405 (2004). Although a world of complications may lurk in the word "generally," none of the potential exceptions and qualifications does Malone any good, because Wisconsin has a statute directly covering his situation. "Any person who is legally transferred . . . to a penal institution [in another state] shall be subject to the same statutes, regulations and discipline as if the person had been originally sentenced to that institution". Wis. Stat. §302.18(5). See also Wis. Stat. §301.21(2m)(b). It is possible to read these statutes as addressing only the substantive rules that apply within the prison, and not the rules for litigation *about* what happened in the prison, but Wisconsin's courts have read them broadly to mean that all laws and regulations of the state where the prisoner is con-

fined will apply. See *State ex rel. Barksdale v. Litscher*, 685 N.W.2d 801, 807 (Wis. App. 2004); *State ex rel. Griffin v. Litscher*, 659 N.W.2d 455, 460 (Wis. App. 2003). Wisconsin treats statutes of limitations as substantive rules—not, say, as procedural norms equivalent to giving a losing party 30 rather than 45 days to appeal. See *Wenke*, 274 Wis. 2d at 261–62, 682 N.W.2d at 425–26. (This is why Wisconsin's borrowing statute generally applies the statute of limitations from the state where the injury occurred, while it uses its own procedures to conduct litigation in its own courts.)

So Oklahoma's statute of limitations applies, and the suit is untimely—for Oklahoma does not toll the time during a person's imprisonment. 12 Okla. Stat. §96. (Per *Hardin*, Wisconsin's tolling rules are irrelevant when Oklahoma's law supplies the period of limitations.) Malone contends that the contract between Wisconsin and Corrections Corp. overrides this outcome, because a clause of the contract says that "[t]he laws of the State of Wisconsin shall govern all matters concerning this contract." The parties to a contract may choose the law of any state in which the contract is negotiated or performed, and we may assume that if a dispute broke out about how much the corporation was owed for its services, or whether the corporation had performed as agreed, Wisconsin's law would supply the period of limitations for suit. But Malone is not a party to the contract or even a third-party beneficiary, and he is not suing to enforce the contract. His claim arises under §1983, not the contract, and he cannot invoke the contract's provisions. See *Kinslow v. Pullara*, 538 F.3d 687, 692

(7th Cir. 2008). Corrections Corp. of America did not agree with Malone to submit to suit under Wisconsin's long statute of limitations.

AFFIRMED