NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009[*]
Decided June 25, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3477

| | |
|---|---|
| SONYA MILES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Evansville Division. |
| *v.* | |
| | No. 3:08-cv-084-RLY-WGH |
| VANDERBURGH COUNTY JAIL and | |
| ERIC WILLIAMS, | Richard L. Young, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

In June 2008 Sonya Miles brought a wrongful-death action under 42 U.S.C. § 1983 alleging that staff members at an Indiana jail acted with deliberate indifference to her son's medical needs. The district court dismissed the complaint as barred under the two-year statute of limitations for § 1983 actions filed in Indiana. We affirm.

_____

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2).

According to the complaint, guards at the Vanderburgh County Jail ignored the medical needs of Miles's son Anthony, who while incarcerated had been nursing a gunshot wound to the neck, a swollen ankle, and a severe fever and cough. Within days of arriving at the jail, Anthony's condition quickly deteriorated and he was rushed to a hospital, where he was diagnosed with pneumonia and acute leukemia. He died several days later, on May 14, 2005. After Miles filed her complaint, the district court directed her to show cause why the action should not be dismissed for failure to state a claim because of the two-year statute of limitations. The court acknowledged that the statute of limitations is an affirmative defense, but said that dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(6) when the dates given in the complaint show that the action was untimely. By not filing her complaint until June 2008, Miles missed the expiration of the two-year period by more than 13 months.

On appeal Miles argues that the district court applied the wrong statute of limitation when it dismissed her complaint. She contends that she also named Sheriff Williams as a defendant, and thus the district court should have applied Indiana Code § 34-11-2-6, which allows a plaintiff five years to file suit against public officers—such as a sheriff—for acts performed in an official capacity.

We review de novo the district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). A district court may dismiss a complaint if it is obvious that the plaintiff has failed to file suit within the applicable statute of limitations. *Limestone Dev. Corp., v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008); *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Miles does not accurately state the governing statute of limitations for lawsuits brought under § 1983. Indiana indeed has a five-year statute of limitations for suits filed against a sheriff for acts performed in an official capacity, IND. CODE § 34-11-2-6, but § 1983—which does not have its own statute of limitations—incorporates the forum state's limitations period for personal-injury claims, *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). When the forum state has various statutes of limitations for different types of injury, a federal court must use the general period of limitation adopted by the state for personal-injury suits, which in Indiana is two years. *See* IND. CODE § 34-11-2-4 (1999); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261 (1985); *Malone*, 553 F.3d at 542; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Because Miles filed her complaint more than three years after her son's death, the district court appropriately dismissed the complaint.

AFFIRMED.