**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided February 24, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2793

| | |
|---|---|
| MUSTAFA-EL K.A. AJALA, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 13-cv-102-bbc |
| CRAIG TOM and MATTHEW SCULLION, <br>     *Defendants-Appellees*. | Barbara B. Crabb, <br> *Judge*. |

**O R D E R**

Mustafa Ajala, a Wisconsin prisoner, alleges in this lawsuit under 42 U.S.C. § 1983 that two correctional officers violated the Eighth Amendment by overtightening his handcuffs during a 4-hour prison transfer and permanently damaging his wrists. Ajala

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

attempted to file a grievance about the injury, but the prison refused to consider it. The district court granted summary judgment for the defendants on the ground that Ajala had failed to exhaust available administrative remedies properly. We conclude that unresolved facts precluded that ruling and thus vacate and remand.

Ajala was transferred on February 10, 2007, from Green Bay Correctional Institution to Wisconsin Secure Program Facility. Before leaving the Green Bay prison, Officer Matthew Scullion overtightened the handcuffs on Ajala's wrists; Ajala immediately complained that the cuffs were pinching his wrists, and he asked Scullion to adjust them. Scullion replied that he would slacken them once they were in the van, but he never did, even after Ajala kept protesting about the pain. Ajala then complained to another officer, Craig Tom, who also refused to loosen the tight squeeze. Despite his continued pleas for relief throughout the 4-hour drive, both officers ignored him; as a result, he experienced swelling, numbness, and permanent nerve damage.

After Ajala arrived at the new prison, he attempted to file five administrative complaints, including one about the tight cuffs, but prison staff blocked him by invoking several prison rules. One rule limits prisoners to one issue per complaint. See WIS. ADMIN. CODE § DOC 310.09(1)(e); a second rule limits prisoners to two complaints per calendar week. *Id.* § DOC 310.09(2). Ajala tried to file his first two complaints on February 12, each grieving an incident that had occurred at the Green Bay prison. Both complaints were returned to Ajala unprocessed because, according to the complaint examiner, he did not comply with the one-issue-per-complaint rule. During the following calendar week, Ajala submitted three more complaints. The first asserted that his two complaints from the week before were unjustly returned because, he contended, each contained only one issue. The second asserted that he was being harassed by staff at the new prison. Ajala's third complaint was about the cuffs. That complaint was returned to Ajala because it violated the two-complaints-per-week rule. He resubmitted it the next day (February 24), but it was received on February 26 and returned because, although received in a new week, it violated yet another rule: it was untimely since more than 14 days had passed since his transfer on February 10. See *id.* § DOC 310.09(6).

After Ajala filed this lawsuit the defendants moved for summary judgment, contending that Ajala failed to exhaust his administrative remedies about the cuffs because he violated the two-complaint-per-week rule and the 14-day rule. Ajala countered that the prison made his administrative remedies effectively unavailable by improperly rejecting the first two complaints from the week before. They should not have been returned unprocessed because, Ajala insisted in an uncontradicted affidavit

supplemented with the complaints themselves, they identified only a single issue in each. Except for some immaterial words, the first complaint says that Green Bay "staff on 2-5-07 threw me in segregation for" drafting a complaint about conditions of confinement "to prevent me from filing it and exhausting administrative remedies." The second grievance complains about the prison "administration's intention to keep me in seg[regation]" that began on February 5 in retaliation for filing an administrative complaint, even though the staff will "'allege' that it's for something else." Had those complaints been processed, Ajala continued, he would not have had to complain in the following week about their unfounded rejection, and his tight-handcuffs complaint would have been only the second complaint filed that week, not the third. And it would have been timely.

The district court did not address this argument and made no findings about whether prison staff improperly rejected the first two complaints and thereby effectively prevented Ajala from timely grieving his complaint about the cuffs. But it did consider other arguments that Ajala raised. He contended that his claim fell within a "health and safety" exception to the limits on complaints; an employee told him that he had exhausted; and he had "good cause" for his late filing. Rejecting those arguments, the district court granted summary judgment to the defendants for lack of exhaustion.

We need address only one of Ajala's arguments on appeal: the prison made the grievance process unavailable by improperly refusing to process his first two complaints from the previous week, making it necessary for him to submit three complaints the next week. The defendants respond that, even if the prison staff should have accepted those two complaints, the staff did not cause Ajala to file three complaints during the following calendar week because he did not resubmit the two unprocessed complaints; he filed three *unrelated* complaints instead, they contend.

Prisoners must exhaust all available administrative remedies before suing in federal court; exhaustion requires that they file a grievance according to the state's grievance procedures. See 42 U.S.C. § 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 93 (2006); *Maddox v. Love,* 655 F.3d 709, 720–21 (7th Cir. 2011). But prisons "may not take unfair advantage of the exhaustion requirement" and "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, when prison officials thwart inmates from exhausting, "the process that exists on paper becomes unavailable in reality," *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); see also *Albino v. Baca,* 747 F.3d 1162, 1171–73 (9th Cir. 2014)

(en banc); *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011); *Brown v. Croak,* 312 F.3d 109, 112–13 (3d Cir. 2002).

Ajala has presented evidence sufficient to support a finding that, by unreasonably refusing to process his first two complaints, prison officials prevented him from timely grieving his complaint about the handcuffs. If the district court were to find, based on the content of the first two complaints and the one-issue rule, that prison officials should have accepted those two complaints, Ajala would have had one fewer complaint to submit the following week. His handcuffs complaint would then have been only the *second*, and not third, timely complaint filed that calendar week. The defendants are correct that Ajala never resubmitted his two unprocessed grievances, but they are wrong to assert that his later submissions were unrelated to the returned grievances. One of his next three grievances specifically complained about the unprocessed grievances. If, as Ajala's evidence suggests, the prison staff improperly refused to process the first two grievances, they all but drove Ajala to expend one of his two-per-week grievances on that issue, thereby improperly impeding his access to the prison's two-per-week grievance procedure.

The district court must therefore resolve, through fact-finding under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), whether prison staff improperly refused under the one-issue rule to process the first two grievances and thereby impeded Ajala's access to his administrative remedies. See *Hotel 71 Mezz Lender LLC v. The Nat'l Ret' Fund*, 2015 WL 499571, at *8 (7th Cir. Feb. 6, 2015) (observing that when district judge is fact-finder and assessment of evidence is disputed, judge may resolve the dispute). Until that resolution is made, the defendants have not proved their affirmative defense that Ajala had available administrative remedies that he failed to exhaust. See *Dole*, 438 F.3d at 809.

Accordingly, we VACATE the district court's judgment and REMAND the case for further proceedings.