NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 13, 2016[*]
Decided July 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3101

| | |
|---|---|
| MUSTAFA-EL K.A. AJALA, formerly known as DENNIS E. JONES-EL, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *Plaintiff-Appellant*, | No. 13-cv-102 |
| *v.* | Barbara B. Crabb, *Judge*. |
| CRAIG TOM and MATTHEW SCULLION, | |
| *Defendants-Appellees*. | |

**O R D E R**

Mustafa-El Ajala, a Wisconsin prisoner, alleges in this lawsuit under 42 U.S.C. § 1983 that two correctional officers violated the Eighth Amendment by refusing to loosen painfully tight handcuffs for several hours, causing lasting damage and pain. The district court granted summary judgment for the Defendants on the ground of qualified immunity. We vacate and remand for further proceedings.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

We recount the facts in the light most favorable to Ajala, the non-moving party. *See Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 994 (7th Cir. 2016). Late one night in February 2007, prison officials at Green Bay Correctional Institution transferred Ajala to the maximum-security Wisconsin Security Program Facility. In preparation for the 200-mile, four-and-a-half hour trip, Officer Matthew Scullion strip searched Ajala and then restrained him with handcuffs, leg shackles, and an electric-shock device. Scullion further secured Ajala's handcuffs by connecting them to a waist-restraint belt and enclosing them in a metal "black box" to prevent tampering. Ajala says that he immediately complained to Scullion about the tightness of the handcuffs and that Scullion responded that they could be adjusted in the transport van. Scullion then placed Ajala in a van with four other prisoners and chained Ajala's shackles to the van's floor. Ajala again requested Scullion to loosen the handcuffs, and Scullion again refused to do so.

Lieutenant Craig Tom rode in the back of the van with the inmates, and Ajala says he complained about the overtight handcuffs to Tom throughout the trip, but to no avail. Tom told Ajala "it was just something [he]'d have to endure" and that he should hold his arms in the most comfortable position possible.

Upon arrival at the new prison, Ajala was immediately given ibuprofen for his wrist pain. Four days later, he submitted a health-service request form in which he asked for stronger medication for "constant and nagging pain" as well as numbness in his left wrist. More than two weeks after his arrival, a doctor examined Ajala and observed bruising on his left wrist, diagnosed peripheral nerve trauma, and prescribed naproxen (a non-steroidal, anti-inflammatory drug). More than eight years later (when discovery in this case finally closed), Ajala was still taking naproxen for numbness, tingling, and pain in his left wrist.

Shortly before the six-year statute of limitations would have run, *see* WIS. STAT. § 893.53; *Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009), Ajala sued Scullion and Tom under 42 U.S.C. § 1983, claiming that Scullion had used excessive force in applying the handcuffs and that both officers had been deliberately indifferent by refusing to loosen them. The district court initially found that Ajala had not exhausted his administrative remedies and granted summary judgment for the Defendants, but we vacated that ruling and instructed the court to conduct a hearing on exhaustion under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). *See Ajala v. Tom*, 592 F. App'x 526 (7th Cir. 2015).

On remand Scullion and Tom conceded the exhaustion issue and moved for summary judgment on the basis of qualified immunity. In evaluating the Defendants'

motion, the district court did not separately analyze their alleged misconduct. Instead, the court assumed that a reasonable jury could find that both Defendants were deliberately indifferent to Ajala's health or safety, but concluded that they were entitled to qualified immunity because Ajala had not shown that their conduct violated clearly established law in 2007.

On appeal Ajala argues that the district court erred in granting qualified immunity to the Defendants because, he says, it was clearly established by 2007 that using restraints to inflict prolonged, unnecessary pain on a prisoner violated the Eighth Amendment. Ajala's position is supported by cases concerning the use of restraints to inflict unnecessary pain on prisoners, *see Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002), as well as arrestees, *see Rabin v. Flynn*, 725 F.3d 628, 636 (7th Cir. 2013) (officer who knew tight handcuffs would cause arrestee unnecessary pain not entitled to qualified immunity); *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003) (same); *Herzog v. Vill. of Winnetka, Ill.*, 309 F.3d 1041, 1044 (7th Cir. 2002) (same); *see also Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (recognizing that by 2002 it was well established that "an officer may not knowingly use handcuffs in a way that will inflict unnecessary pain or injury on an individual who presents little or no risk of flight or threat of injury"). Defendants have never even *alleged* a penological justification for refusing to loosen Ajala's handcuffs, so if, as the district court assumed, a reasonable jury could find that Defendants were deliberately indifferent to the pain and lasting damage the handcuffs caused Ajala, it follows that reasonable officers in their positions would have known that it was unlawful for them to disregard Ajala's pleas for help.

In granting Defendants qualified immunity, the district court relied primarily on excessive-force cases like *Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006) (officer entitled to summary judgment on excessive-force claim where arrestee complained once about tight handcuffs without elaborating on degree of discomfort). But the court's reliance on this line of cases is inconsistent with its determination that Ajala's claims are more properly characterized as claims of deliberate indifference. As the court observed, "the deliberate indifference standard applies in most situations in which a prisoner is complaining about pain and discomfort." And once Ajala was securely restrained in the van, Defendants didn't need to make any split-second judgments to which we would afford an extra degree of deference. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (7th Cir. 1992); *Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999) ("[T]he state-of-mind showing that a plaintiff must allege and meet in cases of excessive force is much higher than in conditions-of-confinement cases.").

The district court's judgment is VACATED, and the case is REMANDED for further proceedings consistent with this order.